# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**JUAN LUCIANO,**

    Plaintiff,

vs.                                                     Civ. No. 01-657 MCA/DJS

**JO ANNE B. BARNHART,**
**Commissioner of Social Security,**

    Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court upon Plaintiff's Motion to Reverse or Remand Administrative Agency Decision filed April 9, 2002. (Docket No.12). The Commissioner of Social Security issued a final decision denying benefits finding that Plaintiff was not disabled. Having considered the Motion, the memoranda submitted by the parties, the administrative record and the applicable law, the court finds that the motion is not well taken.

## PROPOSED FINDINGS

### I. PROCEDURAL RECORD

1.    Plaintiff Juan Luciano filed an application for benefits on June 1, 1999 alleging a disability since April 10, 1998, due to back problems. Tr. 59-61, 206-08. The Commissioner's Administrative Law Judge (ALJ) conducted a hearing on September 20, 2000. At the hearing, the

Plaintiff was represented by an attorney. On December 13, 2000, the ALJ made the following conclusions according to the sequential analysis set forth in 20 C.F.R.§ 404.1520(a)-(f) and Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993). The claimant has not engaged in post-onset substantial gainful activity; the claimant's back injury is a severe impairment; the severity of the claimant's impairment does not meet or equal a listed impairment; the claimant's allegations regarding his limitations are not totally credible for the reasons set forth in the body of the decision; the claimant has a residual functional capacity for the performance of "medium" work; the claimant's past relevant work as a painter did not require the performance of work-related activities precluded by his residual functional capacity as that type of work is generally performed in the national economy; and the claimant was not under a "disability" as defined in the Social Security Act, at any time through the date of the decision. Tr. 11-16.

2.   On the date of the ALJ's decision Plaintiff was 42 years old. He does not communicate in English and has had little formal schooling. His part relevant work was as a laborer, painter, cook and construction helper. Tr. 35, 67.

3.   The ALJ entered his decision on December 13, 2000. Thereafter, the Plaintiff filed a request for review. Tr. 8. On May 1, 2001, the Appeals Council issued its decision denying Plaintiff's request for review and upholding the final decision of the ALJ. Tr. 5. The Plaintiff subsequently filed his complaint for court review of the ALJ's decision on June 12, 2001.

## II. STANDARD OF REVIEW

4.   The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether he applied correct legal standards. See Hamilton v. Secretary of Health and Human Services, 961 F.2d 1495, 1497-98 (10th Cir. 1992).

Evidence is substantial if "a reasonable mind might accept [it] as adequate to support a conclusion." Andrade v. Secretary of Health and Human Svcs., 985 F.2d 1045, 1047 (10th Cir. 1993)(quoting Broadbent v. Harris, 698 F.2d 407, 414 (10th Cir. 1983)(citation omitted)). A decision of an ALJ is not supported by substantial evidence if other evidence in the record overwhelms the evidence supporting the decision. See Gossett v. Bowen, 862 F.2d 802, 805 (10th Cir. 1988).

5. In order to qualify for disability insurance benefits, a clamant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months, which prevents the claimant from engaging in substantial gainful activity. See 42 U.S.C. §423(d)(1)(A); see also Thompson, 987 F.2d at 1486. The regulations of the Social Security Administration require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications. 20 C.F.R. § 404.1520(a-f). The sequential evaluation process ends if, at any step, the Commissioner finds the claimant is not disabled. See Thompson, 987 F.2d at 1487.

6. At the first four levels of the sequential evaluation process, the claimant must show he is not engaged in substantial gainful employment, he has an impairment or combination of impairments severe enough to limit his ability to do basic work activities and his impairment meets or equals one of the presumptively disability impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1, or he is unable to perform work he had done in the past. 20 C.F.R. §§ 404.1520 and 416.920. At the fifth step of the evaluation, the burden of proof shifts to the Commissioner to show the claimant is able to perform other substantial gainful activity considering his residual functional capacity, age, education, and prior work experience. Id.

### III. DISCUSSION

7. Plaintiff asserts that the ALJ erred in not properly weighing the opinion of his treating

physician; in not fully and fairly developing the record, and not considering whether the he has reflex sympathetic dystrophy.

The ALJ properly weighed the opinions of Plaintiff's treating physicians.

8. Plaintiff asserts that the ALJ failed to give appropriate weight to the opinion of his treating physician, Dr. Glen Jacob. Generally, a treating physician's opnion must be given substantial weight. Goatcher v. U.S. Dept. of Health & Human Services, 52 F.3d 288, 289-90 (10th Cir. 1995). However, it is proper for the ALJ to not give substantial weight if the physicians conclusions are not supported by specific findings, are inconsistent with his own treatment notes, or are contrary to the record as a whole. Castellano v. Secretary of HHS, 26 F.3d 1027, 1029 (10th Cir. 1994); 20 C.F.R. §§404.1527(d) and 404.927(d).

9. As required, the ALJ gave specific and legitimate reasons for discounting Dr. Jacob's opinion as to Plaintiff's residual functional capacity. Tr. 199-204. As correctly noted by the ALJ, Dr. Jacob's opinion is inconsistent with the progress notes of Dr. Van Pelt. Dr. Van Pelt is Plaintiff's treating neurologist. Tr. 14. Dr. Van Pelt treated the Plaintiff for over three years and is a specialist in neurology. Tr. 144-161, 193. 20 C.F.R. §§404.1527(d)(5) and 416.927(d)(5) (generally, a specialist's opinion is given greater weight than that of a nonspecialist).

10. Moreover, the ALJ properly noted that Dr. Jacob's opinion was inconsistent with the specific medical findings of Dr. Van Pelt. Tr. 14. One month prior to Plaintiff's alleged disability Dr. Van Pelt released him to return to medium work. Tr. 153. The treatment notes during the relevant time show that Plaintiff's physical examinations were essentially normal. Upon examination, Plaintiff was neurologically intact and had 5/5 strength in his legs, a normal gait, symmetrical reflexes and normal muscle tone. Tr. 144-48, 193, 195, and 198.

4

11. Any conflicts in the medical record were properly resolved by the ALJ. Casias v. Secretary of HHS, 933 F.2d 799, 801 (10th Cir. 1991). The ALJ correctly weighed the opinions of Plaintiff's treating physicians and properly discredited the opinion of Dr. Jacob as inconsistent with the record as a whole. Goatcher, 52 F.3d at 290.

12. Further, the ALJ did not err in not having Plaintiff's treating physician testify at the administrative hearing. The evidence provided by Plaintiff's treating physicians was adequate to determine whether Plaintiff was disabled. 20 C.F.R. §§404.1512(e) and 416.912(e).

The ALJ fully and fairly developed the record.

13. Plaintiff asserts that the ALJ erred in not obtaining the functional capacity evaluation report referred to by Dr. Van Pelt. Plaintiff's argument is not well taken. The functional capacity evaluation was completed prior to Plaintiff's alleged disability onset date. Tr. 155. Further, Dr. Pelt's report includes a detailed summary of the evaluation.[1] Id. Moreover, the Plaintiff was given the opportunity to submit additional medical records at the hearing. Tr. 18. The ALJ's obligation to ensure an adequate record in this matter was met. Henrie v. U.S. Dept. of HHS, 13 F.3d 359, 360-61 (10th Cir. 1993).

There is no medical evidence regarding reflex sympathetic dystrophy.

14. Finally, Plaintiff asserts that the case should be remanded to determine if the Plaintiff has reflex sympathetic dystrophy (RSD). However, the Plaintiff did not allege he had RSD as an

---

[1] Plaintiff argues that there in a conflict in Dr. Van Pelt's summary of the evaluation. There is no conflict. Dr. Van Pelt clearly stated that the evaluation showed that the Plaintiff can sit 3 hours, stand 4 hours, and walk 4 hours at one time and can sit 6 hours, stand 7 hours and walk 7 hours in an 8 hour workday. Tr. 153.

impairment in his application or any time throughout the administrative process. Tr. 12. Plaintiff was never diagnosed with RSD by any physician. RSD is not mentioned in the medical records or any other document in the administrative record. Plaintiff has not met his burden that he has RSD. Channel v. Heckler, 747 F.2d 577 (10th Cir. 1984).

## RECOMMENDED DISPOSITION

I recommend finding that the ALJ did apply the correct legal standards and his decision is supported by substantial evidence. The Plaintiff's Motion to Reverse and Remand Administrative Decision, filed, should be DENIED.

Timely objections to the foregoing may be made pursuant to 28 U.S.C. Sec. 636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to Sec.636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas N.W., Albuquerque, NM 87102. A party must file any objections within the ten day period allowed if that party wants to have appellate of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
**Don J. Svet**
**UNITED STATES MAGISTRATE JUDGE**